PER CURIAM.
Appellant appeals a judgment and sentence entered upon a verdict of guilty of possession of narcotic paraphernalia and central nervous system stimulant.
The only point on appeal is whether or not it was reversible error to preclude the appellant from offering testimony as to the reputation for truth and veracity in the community of the state’s witness (Deputy DeAngelis) who was the arresting officer.
The record discloses the following:
“Q Do you know Deputy DeAngelis?
A I have heard of him.
Q Do you know his reputation in the Community ?
A Yes sir.
MR. SEYMOUR: Objection, Your Honor. This is surely immaterial.
MR. HUSSEY: It is one of the proper ways of impeachment, Your Honor. The reputation of someone in the community for truth and veracity of other witnesses.
THE COURT: I will sustain the objection. You haven’t laid a foundation for that.
MR. HUSSEY: May I ask the question preparatory ?
THE COURT: I have sustained the objection, Mr. Hussey.
MR. HUSSEY: I have no other questions, then, Your Honor.”
The appellant through two other defense witnesses attempted to inquire into Deputy DeAngelis’ reputation for truth and varacity which the court also refused to allow.,
The rule in regard to the impeachment of the credibility of a witness was laid down in Nelson v. State, 99 Fla. 1032, 128 So. 1 (1930) where it was stated:
“When the character of a witness is gone into, the only proper object of inquiry is as to his reputation for truth and veracity. * * * ”
The court below did not permit the appellant to inquire into Deputy DeAngelis’ reputation for truth and veracity on the ground that a proper predicate had not been laid. This error was compounded by the fact that the appellant was also denied the *387 right to attempt to satisfy the court’s obj ection to admitting the testimony.
For the foregoing reasons the judgment and sentence is reversed and the cause remanded for a new trial.
LILES, Acting C. J., and HOBSON and McNULTY, TJ., concur.